**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 06-4024

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL MONTRELL MYRICK,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, District Judge.  (CR-05-37)

———————

Submitted:  July 31, 2006          Decided:  August 24, 2006

———————

Before WILLIAMS, TRAXLER, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Diana H. Cap, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Daniel Montrell Myrick pled guilty to possession with intent to distribute cocaine (Counts 1, 2) and possession with intent to distribute more than five grams of cocaine base and a quantity of cocaine (Count 3) and was sentenced to 100 months of imprisonment on each conviction to be served concurrently with each other. On appeal, Myrick argues that the district court erred by refusing to depart from the advisory guidelines range, which takes into account the 100:1 crack to powder cocaine sentencing ratio. For the reasons that follow, we affirm.

The district court considered Myrick's properly calculated sentencing range of 100 to 125 months and the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006) and sentenced him to 100 months of imprisonment. After the Supreme Court's opinion in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). In determining a sentence post-Booker, sentencing courts are still required to calculate and consider the applicable guideline range as well as § 3553(a). If the sentence imposed is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

Moreover, we have recently considered and rejected a post-<u>Booker</u> challenge to the 100:1 crack to powder cocaine sentencing ratio contained in the sentencing guidelines. <u>See</u> <u>United States v. Eura</u>, 440 F.3d 625 (4th Cir. 2006), <u>petition for</u> <u>cert. filed</u>, June 20, 2006 (No. 05-11659). Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3553(a) factors, we find the sentence reasonable.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>